FIRE DEPARTMENT *a.* WILLIAMSON.

*New York Superior Court; Special Term, June,* 1863.

FIRE LAWS.—NOTICE.—CONSTRUCTION OF STATUTE.

Under the provision of the laws relating to the inspection of buildings and the prevention of fires in the city of New York (*Laws of* 1862, 574, ch. 356), the notice which the superintendent is to give, requiring the removal of a violation of the act, must specify whether the violation consists in the fact that the building is not of the proper construction, or in the fact that it is occupied by more families than the law allows for a building so constructed.

Where a statute imposes a penalty for continuing a violation of it after an official notice to remove the violation, it should be construed to require a notice which shall be explicit in respect to the nature of the violation.

Demurrer to the complaint.

The Fire Department of the city of New York brought this action against Richard Williamson to recover a penalty for an alleged violation by him of the Laws of 1862, 574, ch. 356.

The allegations of the complaint were as follows :

That on the 20th day of March, 1798, the plaintiff became, and has since continued to be, and now is a corporation, in fact and in name, in the city of New York, created by, and existing under the act of the Legislature of the State of New York, passed March 20, 1798, entitled "An act to incorporate the firemen of the city of New York," and the several acts amendatory thereof.

That previous to, and on the 15th day of August, 1862, the above-named defendant was, and has since continued, and now is, the owner of, or then had, and has since continued to have some right to, or interest in, the dwelling-house and premises situate on and known as lots No. 22 and 24 Thomas-street, in said city.

That said dwelling-house is situate south of Fifty-second Street, and within the building limits in said city, as defined by chapter 356 of the Laws of 1862.

That said dwelling-house is six stories, and more than forty

feet high, and built to contain eight or more families above the first story.

That said dwelling-house is not built fire-proof throughout, nor is there any other dwelling-house of equal height, with a flat roof, adjoining the same.

That said dwelling has not, and never had placed thereon, any practical fire-proof fire-escape, or any fire-escape ; and the same was, on the 15th day of August, 1862, and now is, in violation of the provisions of section 27 of ch. 356 of the Laws of 1862, passed April 19, 1862.

That on the 15th day of August, 1862, the department for the survey and inspection of buildings in the city of New York, organized under the act last aforesaid, caused to be duly and personally served upon the above-named defendant, in pursuance of the provisions of said last-mentioned statute, a notice, of which the following is a copy, to wit:

" No. 210.                    NOTICE.

" DEPARTMENT FOR THE SURVEY AND INSPECTION OF BUILDINGS.

" OFFICE, No. 2 FOURTH AVENUE, NEW YORK.

"To RICHARD WILLIAMSON,
    " No. 314 Third Avenue (Bull's Head Bank).

" You are hereby notified and required to remove the following named violation of the law, entitled ' An act to provide for the regulation and inspection of buildings, the more effectual prevention of fires, and the better preservation of life and property in the city of New York,' passed April 19, 1862, to wit: a six story dwelling-house located on lots known as Nos. 22 and 24 Thomas-street, occupied by, or built to contain eight or more families above the first story, and not provided with a practical fire-proof fire-escape.

" Unless said violation is removed within ten days after service of this notice, legal proceedings will be commenced against you for the removal of the aforesaid violation, and the recovery of the penalty provided for it by said law.

" JA's M. MACGREGOR,
                    " Superintendent of Buildings.
"NEW YORK, August 13, 1862."

That more than ten days have elapsed since the service of said notice, as aforesaid, and before the commencement of this action, yet said defendant did not within ten days after the service thereof, nor has he at any time placed, or caused to be placed, on said dwelling-house, any practical fire-proof fire-escape.

That by reason of the neglect and refusal of said defendant to comply with said law and said notice, he incurred the penalty of fifty dollars, prescribed by said act, and became, and is liable to pay the same to the plaintiff.

Whereupon the plaintiff demands judgment against said defendant for fifty dollars damages, besides the costs of this action, and such other or further relief as may be proper, and a removal of said violation.

To this complaint the defendant demurred, stating as the grounds of his demurrer—

I. That the said complaint does not state facts sufficient to constitute a cause of action.

II. That it appears upon the face of the said amended complaint that no notice was ever served upon the defendant as required by the statute therein referred to.

III. That it does not appear by said complaint that the defendant has failed, or refused to comply with the notice set forth in the complaint.

IV. That it does not appear by said complaint that the defendant has at any time by neglecting or refusing to comply with the provisions of the statute therein referred to, become liable to the plaintiff for fifty dollars damages, or for any sum whatever.

*Wesley Gleason*, for the plaintiffs.

*Cummins, Alexander & Green*, for the defendant.

ROBERTSON, J.—The 27th section of the statute relative to "the regulation and inspection of buildings, the prevention of fires, and preservation of life and property in the city of New York," passed April 19, 1862, requires every dwelling-house in such city, built or to be built, either occupied by or built to contain six families, and upwards, above the first story, and forty feet high; or occupied by or built to contain eight fami-

lies, and upwards, without reference to the height,—to have a stairway leading to an opening in the roof, the rooms on each floor connecting by doors from front to rear, and a practical fire-proof escape, approved of by the Department for the Survey and Inspection of Buildings in New York; and every front and rear tenement-house to be connected by an iron bridge. The same section contains a proviso exempting such building if built fire-proof throughout, or two or more dwelling-houses adjoining, of equal height with flat roofs, from its operation.

By the 37th section of the same act, the owner of a dwelling-house or other building, upon which " any violation of" that " act may be placed or shall exist," whether owner in fee or lessee of the land, or having a qualified or contingent interest therein, who shall violate the provisions of that act or fail to comply therewith, shall, for every such violation or non-compliance, forfeit the sum of fifty dollars. And any persons who shall violate any provision of that act, or be employed or assist therein, are made liable to a like penalty for not removing such violation within ten days after notice. This section contains also a proviso that no penalty shall attach in cases of violation in existence at its passage until after a notice of ten days requiring the removal of such violation.

By the next (the 38th) section: courts in which suits are instituted to recover penalties are authorized, upon the rendition of a verdict for them, to give judgment therefor, and "for the removal of such violation;" and to enforce such removal and the collection of such penalties by a precept before the entry of such judgment to the superintendent and inspectors of building, commanding the removal of such violation. Such violation to be removed, and a return to be made, as prescribed in a subsequent section for removing unsafe buildings. That section (§ 43) requires the precept to command the persons to whom it is directed, to repair, secure, take down, or remove, as the case may be, unsafe buildings and walls; and authorizes such persons to employ the necessary labor and materials for the purpose, for defraying the expense of which other provisions are created in the same act. The next section (§ 49), however, permits owners or parties interested to do what is required in such precept at their own expense on certain terms.

There are, therefore, two kinds of violations of law designated in such 27th section: one arises from an omission to have a stairway to the roof, or a proper opening in the latter, to connect all the rooms on every floor, to have a proper fire-escape, or connect by an iron bridge front and rear tenement-houses, in certain dwelling-houses built when of a certain height to accommodate a certain number of families, or without reference to the height a certain other number; the other from allowing any building, when destitute of such contrivances and means of communication, to be occupied by more than a certain number of families. The first kind of violations can only be terminated by altering the building, or adding the missing contrivance or means of egress; the other may be put an end to by merely removing some of the families.

I do not think the objection to the notice in this case, that it defined the violation complained of the house, " as the building in question having no fire-escape," and required it to be removed, would have been tenable if the violation complained of had been the existence of the building as being of a certain height and structure without the openings and means of communication and escape required. In such case, the nuisance was the building itself incomplete for the protection of any occupants. The statute everywhere speaks of the removal of the violation, and although not perhaps a very precise mode of expression, it is, as used in this statute, sufficient to designate the removal of the evil, which the owner is required to accomplish. In such case, he knows the modes in which he may do so. But if the evil complained of be the crowding any building not containing the protections required, the party notified can remedy the evil, or remove the violation complained of, by taking away some of the families. In such case, it is not the building, but its use which is the evil. In either case, I think the party notified has a right to be informed of the nature of the evil complained of, in order to know how to proceed to remedy it. The statute evidently did not mean to rely on the general presumption that every citizen knows the laws and whether he has violated them; its words are that the notice shall require the removal of such violation.

In this case, the difficulty is, that while the violation alleged in the complaint is a six-story building, &c., built to contain

eight families, or more, above the first story, the notice is, "occupied by, or built to contain eight or more families, &c., and not provided with a fire-escape." If it were the first only, the defendant could have escaped the penalty by inducing a family to leave. If the second, he would be obliged to alter the building to obtain the fire-escape. If the defendant is to be made liable merely by his knowledge of what the law was, and how he had violated it, no notice was necessary; and if it was to point out the violation, and enable him to take necessary steps to prevent its continuance, it should be definite enough to warn him. In this case, the defendant might have escaped the penalty either by inducing a family to quit the premises, or altering their structure; yet to avoid the possibility of incurring a penalty he would only be safe by doing both.

I think, therefore, the notice was defective in not specifying whether the violation consisted of a building of a certain structure and dimensions, or at least the particular business designated, being without a fire-escape, or of filling a building not having such fire-escape with more than eight families.

Penal laws such as the one in question, so far as the penalty is concerned, are to be strictly construed. It did not intend to punish an innocent or ignorant violation of it, until the party complained of had an opportunity to abate an evil of which he was unconscious. The notice given was preventive to point out the nature of the complaint, so as to guide the party notified in taking the proper means to correct the oversight. A notice which tended to mislead as to the nature of the evil and the means of removing it, was not such as the statute required. And without such notice the defendant was not liable.

The complaint must, therefore, be dismissed on the demurrer, with costs, with liberty to amend in twenty days on payment of costs.